DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA 94513
TELEPHONE: 925-516-4686
FACSIMILE: 925-516-4058

Attorneys for Plaintiff
CAREY NEELY




UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY NEELY, an individual, | Case No. **Cv 13 2771** |
| Plaintiff, | **VERIFIED COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| CREDIT CONTROL, LLC and DOES 1 through 20, inclusive, | |
| Defendants. | |

### INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote

VERIFIED COMPLAINT FOR DAMAGES                                     Page 1

1. the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. CAREY NEELY (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CREDIT CONTROL, LLC, (hereinafter "Defendant CC"), with regard to

---

[1] 15 U.S.C. 1692(a)-(e)

[2] Cal. Civ. Code 1788.1(a)-(b)

1  attempts by Defendants, debt collectors, to unlawfully and
2  abusively collect a debt allegedly owed by Plaintiff, and this
3  conduct caused Plaintiff's damages.
4      4.    For the purposes of this Verified Complaint for
5  Damages, unless otherwise indicated, "Defendant" includes all
6  agents, employees, officers, members, directors, heirs,
7  successors, assigns, principals, trustees, sureties, subrogees,
8  representatives and insurers of Defendant(s) named in this
9  caption.

## JURISDICTION AND VENUE

    5.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

    6.    This action arises out of Defendants' violations of the following:  the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

    7.    Because Defendants do business within the State of California, personal jurisdiction is established.

    8.    Venue is proper pursuant to 28 U.S.C. §1391.

## PARTIES

    9.    Plaintiff is a natural person who resides in the County of Contra Costa, State of California and is obligated or

1  allegedly obligated to pay a debt and is a "consumer" as that
2  term is defined by 15 U.S.C. § 1692a(3).
3      10.  Plaintiff is a natural person from whom a debt
4  collector sought to collect a consumer debt which was due and
5  owing or alleged to be due and owing from Plaintiff and is
6  "debtor" as that term is defined by California Civil Code §
7  1788.2(h).
8      11.  Plaintiff is informed and believes, and thereon
9  alleges, that Defendant CC is a company operating from the City
10 of Hazelwood, State of Missouri.
11     12.  Plaintiff is informed and believes, and thereon
12 alleges, that Defendants are persons who use an instrumentality
13 of interstate commerce or the mails in any business the
14 principal purpose of which is the collection of any debts, or
15 who regularly collects or attempts to collect, directly or
16 indirectly, debts owed or due or asserted to be owed or due
17 another and are "debt collectors" as that term is defined in 15
18 U.S.C. § 1692a(6).
19     13.  Plaintiff is informed and believes, and thereon
20 alleges, that Defendants are not attorneys or counselors at law
21 and are persons who, in the ordinary course of business,
22 regularly, on behalf of themselves or others, engages in debt
23 collection as that term is defined by California Civil Code §

1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

15. At all times relevant, Plaintiff is an individual residing within the State of California.

16. Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendants conducted business in the State of California.

17. Plaintiff received a recorded message at work on March 20, 2013 at 2:36 p.m. The call was from Credit Control. The number it came from was 866-383-8690. The message said to return the call to 877-431-7784. Plaintiff called back that afternoon and a Jenny Fox answered the phone. She verified the last 4 digits of Plaintiff's social security number and told Plaintiff she was representing Washington Mutual. Plaintiff informed her that she and her husband were filing bankruptcy.

18. Plaintiff also informed her that she could not call at her work and told her not to call there again. Ms. Fox was

quite rude and would not allow Plaintiff to talk. When Plaintiff insisted on explaining to her that Plaintiff would give this information to her attorney and have him contact her, Ms. Fox placed Plaintiff on hold for an extended period of time. Plaintiff eventually hung up.

19. Jenny Fox then called Plaintiff at work again, after being told Plaintiff could not receive telephone calls at work and that Plaintiff was represented by counsel. Jenny Fox told Plaintiff she was put on hold because Ms. Fox needed to talk to her supervisor. Ms. Fox then transferred her to "Tom" who identified himself as the Floor Manager. Plaintiff again tried to explain to Tom that Plaintiff was represented by an attorney. Plaintiff then hung up on him.

20. These financial obligations were primarily for personal, family, or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to §§ 1692c and 1692c(a)(3).

26. As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendants.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## §§ 1788-1788.32 (RFDCPA)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

29. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be adduced at trial, from Defendants;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendants;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendants;
- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;
- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: June 7, 2013          Respectfully submitted,

                              DELTA LAW GROUP

                              BY: _____
                                   JIM G. PRICE
                                   Attorneys for Plaintiff
                                   CAREY NEELY

# VERIFICATION

I, CAREY NEELY, declare:

I am the Plaintiff in this action. I have read the foregoing document entitled: **VERIFIED COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 11th day of April, 2013, at Brentwood, California.

_____
CAREY NEELY